# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARIA LOURDES PEREZ,

    Plaintiff(s),

v.

WAL-MART STORES, INC.,

    Defendant(s).

2:12-CV-1340 JCM (VCF)

# ORDER

Presently before the court is defendant Wal-Mart Stores, Inc.'s motion for summary judgment. (Doc. # 16). Plaintiffs Maria Lourdes Perez and Jorge Perez responded (doc. # 17), and defendant replied (doc. # 18).

## I. Background

On August 13, 2010, plaintiff Maria Lourdes Perez was shopping at defendant's store in Clark County, Nevada. While shopping, plaintiff alleges that she slipped and fell on a wet floor, landing in the "splits" position with her right leg in front of her, which she alleges caused her to suffer severe injuries. Specifically, plaintiff alleges she suffered a right medial hamstring tear, pain in the lower leg, gait abnormality, and pain of body and mind.

On June 28, 2012, plaintiff Maria Lourdes Perez filed a complaint in state court, which defendant subsequently removed to this court. (Doc. # 1). On September 20, 2012, plaintiffs Maria Lourdes Perez and Jorge Perez filed an amended complaint, alleging two causes of action: negligence and loss of consortium. (Doc. # 14). This is the operative complaint in this matter.

**James C. Mahan**
**U.S. District Judge**

1  Defendant filed an amended answer on October 4, 2012. (Doc. # 14).

2  Defendant now moves for summary judgment on the basis that plaintiff Maria Lourdes Perez
3  cannot demonstrate the necessary elements of breach of duty and caution for her negligence claim.
4  (Doc. # 16).

5  **II.     Legal Standard**

6  The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings,
7  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,
8  show that "there is no genuine issue as to any material fact and that the movant is entitled to a
9  judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to
10 isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24
11 (1986).

12 In determining summary judgment, a court applies a burden-shifting analysis. "When the
13 party moving for summary judgment would bear the burden of proof at trial, it must come forward
14 with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.
15 In such a case, the moving party has the initial burden of establishing the absence of a genuine issue
16 of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213
17 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

18 In contrast, when the nonmoving party bears the burden of proving the claim or defense,
19 the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential
20 element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to
21 make a showing sufficient to establish an element essential to that party's case on which that party
22 will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails
23 to meet its initial burden, summary judgment must be denied and the court need not consider the
24 nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

25 If the moving party satisfies its initial burden, the burden then shifts to the opposing party
26 to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*
27 *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing

28

**James C. Mahan**
**U.S. District Judge**

1  party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
2  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions
3  of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th
4  Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

III. **Discussion**

   A. **Negligence**[1]

Defendant argues that plaintiff cannot prove all of the essential elements of her negligence claim, specifically that she cannot prove breach of duty or causation. Defendant argues that plaintiff cannot show that defendant had any notice of the liquid on the floor, either constructive or actual.[2] Plaintiff argues that there is a triable issue of fact that should be resolved by a jury.

Here, defendant seeks to meet its burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to plaintiff's case on which plaintiff will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations

---

[1] This court will examine the negligence issue only as it applies to plaintiff Maria Lourdes Perez, since she was the one involved in the accident at defendant's store.

[2] Defendant's exhibits A and B are unauthenticated and will not be relied upon by the court. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Authentication is a "condition precedent to admissibility," and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). The Ninth Circuit has "repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." *Orr*, 285 F.3d at 773. In this case, the depositions provided as exhibits A and B were not signed by the reporter, and were thus unauthenticated. *See id.*

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  omitted).  Moreover, a finding in favor of the opposing party must be based on more than "mere
2  speculation, conjecture, or fantasy."  *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 681 (9th Cir.
3  1985).

4  Defendant has offered affirmative evidence that it did not breach its duty to plaintiff, an
5  essential element of the negligence claim.  The duty of a business owner to its guests is to exercise
6  reasonable and ordinary care in keeping the premises safe for use.  *Basile v. Union Plaza Hotel &*
7  *Casino*, 110 Nev. 1382, 1384 (1994).  Where an accident occurs due to a foreign substance which
8  is not the result of a premises owner's actions, liability will only lie if the owner had actual or
9  constructive notice of the conditions and failed to remedy it.  *See Sprague v. Lucky Stores, Inc.*, 109
10 Nev. 247, 250 (1990).  When attempting to demonstrate constructive notice, plaintiffs need to be
11 able to point to at least some evidence, "the mere possibility that something occurred in a particular
12 way is not enough, as a matter of law, for a jury to find it probably happened that way."  *Saldana v.*
13 *Kmart Corp.*, 260 F.3d 228, 234 (3d Cir. 2001).

14 Here, defendant claims that it fully discharged its duty to keep the premises in a reasonably
15 safe condition for use by the public.  Defendant has provided evidence that the store conducted
16 hourly safety sweeps and trained its employees to visually inspect the store as they performed their
17 regular job duties.  (Doc. #16, Exhibits E and F).

18 In addition to taking these proactive measures, defendant has also shown that it fully
19 discharged its duty to keep the premises in a reasonably safe condition in regard to the time and
20 location the incident occurred.  First, maintenance associate Martin Claffey conducted a scheduled
21 safety sweep inspection in the area the incident occurred between 3:00 p.m. and 3:30 p.m., which
22 was approximately an hour to 30 minutes prior to the incident.  (Doc. # 16, Exhibit E).  Second,
23 stock associate Vicatrio Martin conducted a visual inspection of the area 19 minutes prior to the
24 incident, and he found the area to be free of debris or liquid on the floor.  (Doc. # 16, Exhibit F).
25 Plaintiff has provided no evidence to dispute these facts.

26 Similarly, plaintiff has provided no evidence that defendant had actual or constructive notice
27 of the alleged hazard.  During discovery, plaintiff did not depose a single witness or employee of
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

defendant. The plaintiff has submitted no evidence for this court to consider.[3] Without evidence, all that is left for plaintiff to rely on is speculation and conjecture, and a finding in her favor must be based on more than that. Thus, the record as it is before the court, demonstrates that there is no genuine issue of material fact that defendant did not breach its duty, and the negligence claim fails as a matter of law.

**B.    Loss of Consortium**

A loss of consortium claim that is dependent on a spouse's personal injury claim is a derivative claim and can only exist if the directly injured spouse can establish the elements of the underlying cause of action. *See Turner v. Mandalay Sports Entm't, LLC*, 124 Nev. 213, 221 (2008). Thus, because plaintiff Maria Lourdes Perez's negligence claims fail, plaintiff Jorge Perez's loss of consortium claim also fails as a matter of law.

**III.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Wal-Mart Stores, Inc.'s motion for summary judgment (doc. # 16) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment and close the case.

DATED July 8, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

---

[3] In plaintiff's opposition to the motion for summary judgment, plaintiff refers to video footage as "the best evidence" in the case, and states that he was unable to attach the video footage as an exhibit. (Doc. # 17). The court will not consider or request to view footage that is not submitted by a party at the time for summary judgment.

**James C. Mahan**
**U.S. District Judge**

- 5 -